**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mulugeta Yemane Micael, | No. CV-19-05082-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) to which Respondents filed an Answer (Doc. 15). Also pending are Petitioner's Motion for Production of Records (Doc. 11) and Motion to Expand the Record (Doc. 12). Following a thorough and comprehensive analysis, Magistrate Judge Michael T. Morrissey recommends the Petition be denied as untimely and dismissed with prejudice. (Doc. 17). He also recommends that Petitioner's requests to expand the evidentiary record be denied because Petitioner has failed to demonstrate that an evidentiary hearing is warranted. (*Id.*) Petitioner filed timely objections (Doc. 18) and Respondents filed a response (Doc. 20).

**I.    R&R**

The R&R accurately identifies the four claims raised in the Petition. (Doc. 17 at 1). In their Answer, Respondents argued that the Petition was untimely because it was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") statute of

limitations period had expired. (Doc. 15 at 1). In his R&R, Judge Morrissey agreed the Petition was untimely, and that Petitioner was not entitled to equitable relief by way of equitable tolling or because he could prove his actual innocence. (Doc. 17 at 7-8). Judge Morrissey further found that Petitioner had failed to explain the relevance of the seven pieces of evidence Petitioner sought in his remaining motions (Docs. 11 & 12), and thus recommended denying these requests. (*Id.* at 8).

In light of the foregoing, the Magistrate Judge found that Petitioner was not entitled to habeas corpus relief, and recommended denial of his Petition and dismissal with prejudice. The Magistrate Judge further recommended denial of a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because "dismissal of the Petition is justified by a procedural bar and jurists would not find the ruling debatable." (*Id*. at 9). The parties were advised by the Magistrate Judge that they had "14 days from the date of service of a copy of [the R&R] within which to file *specific* written objections with the Court." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), and 72) (emphasis added).

## II.     Petitioner's Objections

Petitioner timely filed a one-page objection, broadly asserting "manifest injustice by this court election not to reach the merits of my petition." (Doc. 18 at 1). He says that he is "actually innocent" of his crimes, and "was denied a fundamentally fair trial." (*Id.*)

## III.    Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the

subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R & R is only required when an objection is made to the R&R, [*Reyna–Tapia*,] 328 F.3d [at] 1121. . . ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct")[.]"). Likewise, as Magistrate Judge Morrissey advised the parties in his R&R (Doc. 17 at 9-10), it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings.'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).  Finally, "[a]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citing *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. Sept. 29, 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

**IV.   Discussion**

Petitioner timely filed objections, but he did not specifically object to any of the information included in the R&R's background section.  Thus, consistent with 28 U.S.C. § 636(b)(1)(C), and the case law construing it, the Court is not reviewing that particular section at all.  For a different reason, the Court finds that it has no independent obligation to engage in a *de novo* review of those the other portions of the R&R.  Petitioner has not triggered *de novo* review because, as is readily apparent, his objections lack the requisite specificity.  Petitioner's general objection to the Magistrate Judge's decision to not reach the merits of his claims does not provide this Court any meaningful basis for review

because Petitioner has not articulated why he objects to those procedural findings and conclusions the Magistrate Judge did make. Further, where, as here, Petitioner's objections point to not a single flaw in the R&R's analysis, they have the same effect as would a complete failure to object. Indeed, if this Court were to undertake *de novo* review of Petitioner's general objections, it would defeat the "obvious purpose" of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *See Warling*, 2013 WL 5276367, at *2 (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). "Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *See id.* (citing *Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 6, 2006)). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to the R&R. *See id.* at *2 (citing *Thomas*, 474 U.S. 149).

Although the Court could simply accept the R&R based upon this case law, it did not. The Court reviewed the R&R, some of the many various exhibits referenced therein, and the applicable law. After so doing, the Court is left with the firm conviction that Magistrate Judge Morrissey's recommendations are well taken and are supported by a correct application of the law throughout.

**V.    Conclusion**

Accordingly, **IT IS ORDERED** that Magistrate Judge Morrissey's Report and Recommendation (Doc. 17) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's Motion for Production of Records (Doc. 11) and Motion to Expand the Record (Doc. 12) are also **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 21st day of July, 2020.

Honorable Diane J. Humetewa
United States District Judge